# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES RICHARD ALSOP GILBERT, JR., | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) CAUSE NO.: 3:14-CV-1714-TLS<br>) |
| JUDITH A. LEDOUX, Director of Industry Operations, United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, Columbus Field Division, | )<br>)<br>)<br>)<br>) |
| Respondent. | )<br>) |

## OPINION AND ORDER

This matter is before the Court on the Respondent's Motion to Dismiss [ECF No. 7], filed on September 5, 2014, asking that the Court dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The Respondent filed a Memorandum in Support of Motion to Dismiss [ECF No. 8] on September 5, 2014. The Petitioner filed a Response and Memorandum in Support [ECF Nos. 9 and 10] on September 18, 2014. The Respondent filed a Reply on September 29, 2014. The motion is ripe for ruling.

## PETITION ALLEGATIONS AND BACKGROUND

The Petitioner, Charles Richard Alsop Gilbert, Jr., intending to start a new firearm sales business in Michigan City, Indiana, filed an application for a federal firearms license (FFL) in his own name in May 2013. Although he resides in Rockville, Maryland, the Petitioner desires to start Gilbert Indoor Range as a sole proprietorship in Michigan City because he believes the business climate for a firearm sales business is more promising in Indiana than it is in Maryland. He has leased retail space at 2705 S. Franklin Street in Michigan City, Indiana, for his planned

business and continues to pay rent for the space.

The Petitioner was once a firearms dealer with an FFL. He owned and operated American Arms International, which had its FFL revoked in 2005 by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Upon review of that decision, the District Court of Maryland upheld the decision and found "hundreds of willful violations of the [Gun Control Act of 1968 (GCA), 18 U.S.C. § 921 *et. seq.*]" by the Petitioner. *Amer. Arms Int'l v. Herbert*, No. DKC 2006-2468, 2008 WL 8098466 (D. Md. Feb. 19, 2008), *aff'd* 563 F.3d 78 (4th Cir. 2009). In 2008 the Petitioner applied for an FFL, in his own name, which was denied and affirmed. *Gilbert v. Bangs*, 813 F. Supp. 2d 669 (D. Md. 2011), *aff'd*, 481 Fed. Appx. 52 (4th Cir. June 6, 2012).

The May 2013 application for an FFL in the Petitioner's own name for Gilbert Indoor Range in Michigan City, at issue in this case, was denied by the ATF on November 1, 2013. The Petitioner requested a hearing to review the ATF's denial of his application for an FFL on November 8, 2013, and on April 15, 2014, a hearing was held in which both the Petitioner and the ATF presented evidence. On May 22, 2014, the ATF, through its hearing officer, denied the Petitioner's application with a Notice of Final Denial. The Petitioner then brought this action seeking judicial review of the ATF's decision pursuant to 18 U.S.C. § 923(f)(3).

In the instant motion, the Respondent argues that the Petitioner cannot establish that the Northern District of Indiana is the proper venue and that this action should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Further, the Respondent argues that, based on the principles of *res judicata*, the Court should not transfer this case to any district or division in which it could have been brought.

**STANDARD OF REVIEW**

Rule 12(b)(3) allows a party to move to dismiss an action when the action is not filed in a proper venue. Fed. R. Civ. P. 12(b)(3). If a court determines that it is not the proper venue for the action the court must dismiss the action or "if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). The decision to transfer is left to the sound discretion of the court. *Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986.) The plaintiff has the burden of showing that venue is proper. *Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). When ruling on a motion to dismiss for improper venue, a district court may examine facts outside the complaint without converting the motion to a motion for summary judgment. *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

**ANALYSIS**

The ATF is responsible for the enforcement of the criminal and regulatory provisions of the Gun Control Act of 1968 (GCA), Title 18, U.S.C., Chapter 44, and 27 C.F.R., Part 478, including licensing. "No person shall engage in the business of importing, manufacturing, or dealing in firearms, or importing or manufacturing ammunition, until he has filed an application with and received a license to do so from the Attorney General." 18 U.S.C. § 923(a). If an individual qualifies for an FFL pursuant to 18 U.S.C. § 923(d)(1), an FFL will be issued for a three (3)-year period. *See* 18 U.S.C. § 923(c); 27 C.F.R. § 478.49. However, an application for an FFL may be denied where the applicant has willfully violated any of the provisions or regulations of the GCA. 18 U.S.C. § 923(d)(1)(C); 27 C.F.R. § 478.47(b)(3).

"Any person whose application for a license is denied and any holder of a license which

is revoked shall receive a written notice from the Attorney General stating specifically the grounds upon which the application was denied or upon which the license was revoked." 18 U.S.C. § 923(f)(1); 27 C.F.R. § 478.71. The applicant then has fifteen (15) days to request a hearing to review the denial, 18 U.S.C. § 923(f)(2); 27 C.F.R. § 478.71, and if the denial is confirmed during the hearing, the applicant has sixty (60) days to "file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation." 18 U.S.C. § 923(f)(3).

Such was the procedure followed in this case, whereby the Petitioner filed a petition seeking the Court's review of the denial of his FFL application. The Respondent argues that this case should be dismissed pursuant to Rule 12(b)(3) because the Northern District of Indiana is not the proper venue for this action. The Respondent contends that the Petitioner is a resident of the state of Maryland and does not have a principal place of business in the Northern District of Indiana, meaning he cannot satisfy either criterion of § 923(f)(3) to establish proper venue. The parties agree that the Petitioner resides in Maryland and cannot establish venue in this district based upon his residence. However, the Petitioner argues that venue is proper under the second criterion of the special venue requirements of § 923(f)(3) because his principal place of business is located within this district. In the alternative, the Petitioner argues that the general venue statute, 28 U.S.C. § 1391(b)(2), may be used to supplement the special venue provisions of § 923(f)(3). Therefore, he argues, venue is proper because a substantial part of the events giving rise to his claim occurred within this district. The Court will address these arguments in turn.

**A.      Principal Place of Business**

In *Hertz Corp. v. Friend*, the Supreme Court held that "'principal place of business' is

best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 92–93 (2010) (establishing the "nerve center" test for determining the principal place of business for corporations). The Petitioner argues that the nerve center test should not apply in this case because his intended firearm sales business is a sole proprietorship and that the test should instead be the location of the business. Resp. at 4–5 (citing *In re Broady*, 247 B.R. 470, 473 (B.A.P. 8th Cir. 2000) ("A sole proprietor does business where that business is located."); *In re Gurley*, 215 B.R. 703, 708 (Bankr. W.D. Tenn. 1997) (same)). The Petitioner argues that all business activity for his planned business occurred within the district because "the only action he took—or could take—in connection with his prospective business was to lease space and pay rent" in Michigan City since he could not sell firearms after his FFL had been revoked in 2005. Resp. at 4. In its Motion to Dismiss, the Government argues that the Petitioner cannot establish that his principal place of business was within this district because there was no operating business at any relevant time within the district.

Despite the Petitioner's assertions that he operated Gilbert Indoor Range in Michigan City, Indiana, the record evidences only a desire to start a firearm sales business and not the existence of any actual business. The Petitioner's Affidavit states that he "*intended* to start a new firearm sales business," Pet'rs Aff. ¶ 6, ECF No. 10-1 (emphasis added), and that he leased retail space and applied for a new FFL "as part of [his] plans to conduct a new firearm sales business in Indiana," *id.* ¶¶ 7–8. Essentially, the Petitioner alleges that he *intends* to start a business with its principal place of business in Indiana, but he does not identify any supporting authority, and the Court cannot find any, for the proposition that planning or intent is sufficient to establish a principal place of business. Indeed, if merely alleging a plan or intent was enough, the Petitioner could theoretically file his petition in any district in the country, which would eviscerate the

5

venue provisions, so long as he alleged in his complaint that he planned to start a business with its principal place of business within the district.

The Petitioner argues that the only business activity he could legally engage in was to pay rent for retail space in Michigan City, and therefore, that all business activity occurred in Michigan City. The Court finds, however, that the act of paying rent alone is insufficient to establish the existence of a business entity or the principal place of business for that entity. Although paying rent can be an element of a business's activities, rented space can be used for multiple non-business related reasons. Here, the Petitioner was renting the space in preparation to operate a business. This is not the same as having actually established a place of business.[1] The Petitioner states that he paid rent "in conjunction with a *prospective* firearms sales business," adding further support to the fact that the business was not yet in existence, despite his intentions, or his first steps. *Id.* ¶ 9 (emphasis added).

Based on the record, the Court finds that Gilbert Indoor Range did not exist at any relevant time, and a business that does not exist cannot have a principal place of business. Because the Petitioner does not reside within the district and does not have a principal place of business within the district, the Court finds that the Petitioner fails to satisfy the criterion for establishing proper venue in this district pursuant to § 923(f)(3).

**B.      General Venue Statute 28 U.S.C. § 1391**

In a matter of first impression, the Respondent argues that § 923(f)(3) is the sole and exclusive provision controlling venue in matters involving an appeal of the revocation of an FFL

---

[1] In addition, it is of little consequence that the leased space was "retail space" because a sole proprietorship may be conducted within a home. *See, e.g.*, Business Use of Your Home, IRS Publication 587 (Jan. 20, 2015).

6

or the denial of an application for an FFL. The Petitioner argues that the general venue statute, 28 U.S.C. § 1391(b)(2), may be used to supplement the special venue provisions of § 923(f)(3) because there is nothing in the language of § 923(f)(3) that excludes the possible application of the general venue provisions of § 1391(b)(2). Section 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The Petitioner contends that venue is proper because a substantial part of the events giving rise to his claim occurred within this district.

The general venue provisions of § 1391 may be used to supplement the special venue provisions of § 923 so long as the statute does not indicate a contrary congressional intent. *Pure Oil Co. v. Suarez*, 384 U.S. 202, 204–05 (1966) ("Although there is no elucidation from statutory history as to the intended effect of § 1391(c) on special venue provisions, the liberalizing purpose underlying its enactment and the generality of its language support the view that it applies to all venue statutes using residence as a criterion, at least in the absence of contrary restrictive indications in any such statute."); *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 725 (7th Cir. 2013) ("[T]he Court has held that special venue rules may, as a general matter, be supplemented by the general venue provisions, provided that the statute does not indicate a contrary congressional intent."). The Petitioner argues that there is no language indicating contrary congressional intent to supplement the special venue provisions of § 923 with the general venue provisions of § 1391 pursuant to *Pure Oil*. Resp. 4 ("The two venue choices set forth in Section 923(f)(3) are not qualified by 'only,' 'exclusively,' or any other term that operates to the exclusion of any other venue statute."). The Court disagrees, and finds that, pursuant to *Pure Oil*, § 1391 may not be used to supplement the special venue provisions of

7

§ 923(f)(3).

      Subsection (f) of the statute sets forth identical procedures for the review process when the Attorney General denies an application for, or revokes, a license under the Gun Control Act. *See* § 923(f). The previous subsection of the statute makes clear that the "Secretary's action under this subsection may be reviewed only as provided in subsection (f) of this section." 18 U.S.C. § 923(e) (establishing the procedure by which the Attorney General may revoke a license for willful violations of the statute) (footnote omitted). Thus, the statute clearly indicates a contrary congressional intent to any application of the general venue provisions in a review of a decision to revoke a license. *See KM Enters.*, 725 F.3d at 725. The Court finds that the statute indicates the same contrary congressional intent for a review of the denial of an application for a license. To hold otherwise would allow for disparate treatment between individuals who had their license applications denied and individuals who had their licenses revoked. One would have the ability to supplement his claim with the general venue provisions while the other would be restricted to the special venue provisions of the statute. Such an outcome makes no sense in a statute that clearly treats these two groups identically in all other respects. The Petitioner himself concedes that "no distinction exists between the Attorney General's action in revoking of an existing FFL and denying a new FFL application," and the Court finds that the statute's special venue provisions apply in an equal fashion to both.

      In any event, even if the Court was to consider the general venue provisions, the Court finds that the Petitioner has not met his burden to demonstrate that a substantial part of the events occurred within this district. The only event that occurred within this district was the leasing of retail space in Michigan City. The other action taken in this case in preparation for the planned firearms sales business was the Petitioner's application for a FFL. Final notice of the denial of

his application was served on the Petitioner at his Maryland address, indicating that he conducted his efforts to pursue an FFL for a prospective business in Indiana from his residence in Maryland. Final Notice of Denial of Application or Revocation of Firearms License at 2, ECF No. 8-1. In comparison, the efforts to secure an FFL are more substantial to starting a firearm sales business than leasing retail space, for an FFL is absolutely necessary in order to operate the business, while leasing retail space is just one alternative a business owner might choose.

For these reasons, the Court finds that the language of the statute reveals the congressional intent that the special venue provisions of § 923 are the sole and exclusive provisions for establishing venue in the judicial review of a denial or revocation of an FFL.[2]

C. **Dismiss or Transfer**

Having determined that this district is not the proper venue for this action, the Court must dismiss the action or "if it be in the interests of justice, transfer such case to any district or division in which it could have been brought," 28 U.S.C. § 1406(a); *see Phillips*, 173 F.3d at

---

[2] The Petitioner also argues that the Respondent does not challenge venue under § 1391(b)(2) and thus has waived any venue argument under it. "Fed. R. Civ. P. 12(h)(1) provides that improper venue is waived as a ground of dismissal when not timely raised." *Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). Additionally, a defense listed under Rule 12(b)(2)–(5) will be waived if the defense or objection was available but the party omitted to raise it in a prior Rule 12(b) motion. *See* Fed. R. Civ. P. 12(h)(1). Here, however, the Petitioner does not challenge the timing of the motion or a failure to raise the defense in a previous Rule 12(b) motion. Rather, he appears to assert that because the Respondent did not specifically cite to § 1391(b)(2) in her opening brief, she has waived any ability to argue that venue is improper under § 1391(b)(2). This argument makes little sense. First, although the Respondent may not have cited to the specific subsection in her opening brief, she did cite to § 1391 as part of its arguments. Second, the rule states that a party may not raise a defense or objection that was available to the party but omitted from an earlier motion, but the instant motion is the first motion and the instant motion raises improper venue. Third, the burden is on the Petitioner to show that venue is proper. *Grantham*, 420 F.2d at 1184. Finally, because the Court has determined that § 1391 cannot be used to supplement the venue provisions of § 923, any argument concerning whether the substantial part of the events occurred within this district are not relevant to the outcome.

610. "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986). The "interest of justice" factors "relate to the efficient administration of justice." *Id.* at 221. It includes such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). For example, in a diversity action it is considered advantageous to have a federal judge who is familiar with the applicable state law try the case. *Coffey*, 796 F.2d at 221. "The 'interest of justice' analysis relates, then, to the efficient functioning of the courts, not to the merits of the underlying dispute." *Id.*

The Respondent argues that this case should not be transferred to another venue, such as the District of Maryland, based on the principles of *res judicata*. *Res judicata* bars claims that were asserted or could have been asserted in a prior action where the following three elements exist: "(1) identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts." *Palka v. City of Chi.*, 662 F.3d 428, 437 (7th Cir. 2011). The Respondent argues that the Petitioner's 2008 application for an FFL in Maryland was denied, a decision that was upheld in the District of Maryland and Court of Appeals for the Fourth Circuit.

Although the Petitioner contends that the Respondent's arguments incorporate material outside of the pleadings and must be treated as a motion for summary judgment, a district court may examine facts outside the complaint without converting the motion to a motion for summary judgment when ruling on a motion to dismiss for improper venue. *Cont'l Cas. Co.*, 417 F.3d at 733. Here, the Petitioner concedes that the parties are identical and that the earlier cases were

10

final judgments on the merits. He contends, however, that the causes of action are not identical because there is no "single core of operative facts giving rise to a remedy." *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 177–78 (7th Cir. 1995) (finding that identity in causes of action "must be based on the same facts and raise the same issues as the cause of action in [the previous case]"). In particular, the Petitioner argues the denial of his application is subject to a five-year statute of limitations pursuant to 28 U.S.C. § 2462. Thus, he alleges that the causes of action differ because his 2008 FFL application came within five years of his most recent violation of ATF regulations, while his 2013 application at issue in this case was made more than five years after any violation.

Since the Petitioner cannot establish a principal place of business, he can only establish proper venue in the district in which he resides pursuant to § 923(f)(3). Thus, the District of Maryland is the only venue where this cause of action could have been brought. At this stage of the litigation, the Court should not, and will not, address the merits of the parties' positions with respect to *res judicata*, for the only issue before the court is whether venue is proper and, if not, whether it is in the interest of justice to transfer to the District of Maryland. *Coffey*, 796 F.2d at 221 ("The 'interest of justice' analysis relates, then, to the efficient functioning of the courts, not to the merits of the underlying dispute.") Indeed, the District of Maryland is the more appropriate venue to address the parties' *res judicata* arguments, for it is more familiar with its previous decisions and is in a better position to decide upon the merits.

"In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962), the Supreme Court held that where the plaintiff had accidentally filed suit in the wrong district and the statute of limitations had since run, the interest of justice required that the district court transfer the suit to the right district rather than dismiss it." *Coté*, 796 F.2d at 984–85 (finding that dismissal was appropriate

over transfer of venue notwithstanding that the statute of limitations had run because of the plaintiff's elementary mistake in choosing improper venue). Here, dismissal of the cause of action would forever bar the Petitioner from judicial review of the merits of the denial of his 2013 application for an FFL because the sixty-day time period for filing a petition has long since passed. The Petitioner did not accidentally file his petition in the wrong district. Rather, he deliberately sought to start a firearms sales business in Indiana because he thought the law and business climate were more favorable here. His decision to then file his petition for review in this district was because he thought this was a proper venue pursuant to two separate statutes. Although he is incorrect, this is not the sort of elementary mistake that would justify denying him the opportunity to transfer to the appropriate venue. The Petitioner claims that the core operative facts of this case distinguish it from the 2008 Maryland case that affirmed the denial of his application for an FFL. *See Gilbert*, 813 F. Supp. 2d at 674–75, *aff'd*, 481 Fed. Appx. 52 (4th Cir. June 6, 2012). The District of Maryland has proper venue and is in the best position to decide upon the merits of the Petitioner's claim.

For these reasons, the Court finds that it is in the interests of justice to transfer this case to the District of Maryland. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

For the forgoing reasons, the Respondent's venue arguments are well taken. The Respondent's Motion to Dismiss [ECF No. 7] is DENIED, and the Court now DIRECTS the Clerk to TRANSFER this cause of action to the United States District Court for the District of Maryland.

SO ORDERED on August 31, 2015.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT
        FORT WAYNE DIVISION